THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.

 
 
 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals
Baron L. McCaskill, III and Blane O. Ruschak, Respondents,
v.
Leslie Roth,
 Southern Croth I, LLC, CBC Wood Products, Inc., Builders Source Direct, LLC,
 The Due South Development Group, Inc., Due South Development, Inc., Gale
 Contractor Services, S&T Roofing, LLC, Anything Electric, T&C
 Construction, LLC, Johnston Roofing, Absolute Home Services, LLC, H.L.
 Middleton Masonry, McGee Brothers, Inc., Sanchez Brothers Painting, Inc.,
 Paver Creations, LLC, Conditioned Air, Agapito Hernandez, and Charleston
 Marble and Granite, LLC, Defendants,
Of Whom Leslie
 Roth is, Appellant.
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court
 Judge

Unpublished Opinion No. 2011-UP-550
Heard October 5, 2011  Filed December 9,
 2011   

AFFIRMED

 
 
 
Leslie Roth, pro se, for Appellant.
A. Bright Ariail, of Charleston, for
 Respondents.
 
 
 

PER CURIAM: Leslie
 Roth appeals the trial court's distribution of funds held pursuant to an escrow
 agreement.  He argues the trial court erred in holding he was not
 entitled to the funds remaining in escrow.  
"When the language of a contract is clear,
 explicit, and unambiguous, the language of the contract alone determines the
 contract's force and effect, and the court must construe it according to its
 plain, ordinary, and popular meaning."  Moser v. Gosnell, 334 S.C.
 425, 430, 513 S.E.2d 123, 125 (Ct. App. 1999).  The escrow agreement clearly
 provided that any excess funds left after payment for each punch list item were
 to be returned to Baron L. McCaskill, III and Blane O. Ruschak (Purchasers). 
 It also provided that any funds remaining in escrow after a year were to be
 returned to Purchasers without the need for further action on the part of Purchasers,
 Seller, or Escrow Agent.  The escrow agreement did not provide for any funds
 remaining in escrow to be given to Roth.  It is irrelevant whether Purchasers
 included items that were outside of the escrowed items or cost more than the
 allowed amount because Roth was not entitled under the agreement to any excess
 funds remaining after the punch list items were completed.  
Accordingly, the trial court's order is 
AFFIRMED.[1]
HUFF, PIEPER, and LOCKEMY, JJ., concur.  

[1] Purchasers argue the appeal is moot because Roth
 failed to stay the trial court's order providing for the escrow agent to
 release the funds to Purchasers' attorneys.  A case becomes moot when some
 event occurs making it impossible for the reviewing court to grant effectual
 relief and the judgment, if rendered, will have no practical legal effect upon
 the existing controversy.  Linda Mc Co. v. Shore, 390 S.C. 543, 557, 703
 S.E.2d 499, 506 (2010).  The relief Roth sought is distribution of the escrow
 funds, not a continuation of the escrow account.  Accordingly, we find the case
 is not moot.